**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON BATANSKY | : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| ICHABOD ICE, LLC | : | **No. _____** |
| Defendant. | : | |

**COMPLAINT FOR DECLATORY RELIEF**

Plaintiff, Jason Batansky ("Plaintiff" or "Batansky"), by and through his undersigned counsel, hereby sets forth this Complaint for Declaratory Relief against Defendant, Ichabod Ice, LLC ("Defendant" or "Ichabod") as follows:

1.  Plaintiff is an adult individual who maintains his primary residence at 100 West Montgomery Avenue #5, Ardmore, PA 19003.

2.  Defendant is a Kansas Limited Liability Company with its principal place of business located at 124 Meadow Lane, Topeka, KS.

3.  There is complete diversity of citizenship between all plaintiffs and all defendants in this action, and, as is more fully set forth below, more than $75,000, exclusive of interest and costs, is in dispute in this case.

4.  This Court has jurisdiction of this dispute under the provisions of 28 U.S.C. §1332.

5.  On December 15, 2014, Plaintiff, as seller, and Defendant, as buyer, entered into an Asset Purchase Agreement ("APA") whereby Plaintiff agreed to sell to Defendant the assets of his professional development web based business with the domain name "Resume-to-Interviews.com" (the "Business"). A true and correct copy of the Asset Purchase Agreement is attached hereto and made a part hereof at Exhibit "A".

6.      Specifically, Plaintiff sold to Defendant, amongst other things, all of Plaintiff's rights in and to the website domain www.resumetointerviews.com and online accounts, email accounts, and electronic data.

7.      Three (3) days later, on December 18, 2014, the sale successfully went through settlement. A true and correct copy of the Bill of Sale, Assignment and Assumption of Contracts and Domain Name Assignment Agreement are attached hereto and made a part hereof at Exhibit "B".

8.      Over the next three (3) months, as required under the terms of the APA, Plaintiff continued to provide assistance to the Defendant in taking over the reins of the Business ("Post Closing Assistance Period"). *See* Ex. A, ¶13.

9.      At no time during Post Closing Assistance Period did Defendant raise any allegations of breach or wrongdoing against Plaintiff.

10.     Moreover, after expiration of the three (3) month Post Closing Assistance Period, Defendant paid the Post Closing Payment to Plaintiff in accordance with the terms of the APA. *See* Ex. A, ¶2.b.

11.     Plaintiff at all times honored and performed its obligations to Defendant under the APA and at no time committed any material breach, lied to or misled the Defendant with respect to the APA.

12.     Nevertheless, on November 12, 2015, nearly a year after the sale, Defendant, through its attorney, sent a demand letter to Plaintiff boldly alleging that Plaintiff had breached the APA and made fraudulent and/or reckless misrepresentations in connection with the sale. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

13.     Specifically, Defendant, amongst other things alleged that Plaintiff:

a.  Did not have the right to sell one particular piece of "canned" material, amongst the hundreds of pieces of material included in the settlement package – "list of LinkedIn tips";

b.  Transferred the "Dusting Duvet" account improperly; and

c.  Failed to warn Defendant that one of the Business' independent contractors would likely quit.

14.     Defendant's letter demanded that Plaintiff pay to Defendant the sum of $225,050, and that, if Plaintiff did not contact Defendant within 10 days to discuss the payment, Defendant would have "no alternative but to proceed with litigation." *See* Ex. C, p. 4.

15.     In a letter dated November 17, 2015, Plaintiff, through his attorney, responded to Defendant's letter denying the allegations and pointing out with some specificity that the Defendant's spurious allegations were unsupported by either the facts or law.   Specifically, Plaintiff denied that it made any material misrepresentations or breached the APA in any material way.  A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "D".

16.     Plaintiff's letter made it clear to Defendant that Plaintiff was not interested in discussing payment of the $225,050 to Defendant, and ended stating "I hope this letter puts this matter to rest". *See* Ex. D, p. 2.

17.     Thereafter, several weeks went by without hearing anything further from Defendant.

18.     Finally, in a letter dated December 10, 2015, Defendant, through its attorney, responded stating that, notwithstanding Plaintiff's letter, Defendant had decided to continue to assert its allegations as previously laid out in its letter dated November 12, 2015, and made an

open ended threat about its intention to proceed with litigation if settlement negotiations did not proceed immediately.

19.     In one last effort to avoid the specious litigation threatened by the Defendant, Plaintiff engaged the Defendant in a brief settlement dialogue which the Defendant ignored.

20.     Rather than continue to be harassed by Defendant's continued saber rattling, Plaintiff brings the instant action requesting this Court, pursuant to 28 U.S.C. §2201, render a declaration of the parties' respective rights and duties under the APA, and in particular, that this Court declare that, contrary to the stated allegations of the Defendant, Plaintiff properly executed the sale of the Business to the Defendant under the APA in compliance with applicable laws.

21.     A valid case or controversy exists sufficient for this Court to declare the rights and remedies of the parties in that Defendant has asserted the aforementioned allegations against Plaintiff and made demand that Plaintiff pay monies as "damages" to Defendant under threat of litigation, and Plaintiff has expressly denied all liability and has in particular denied each and every allegation leveled by Defendant as deficient in fact and/or law.

22.     Plaintiff has the requisite standing to request this declaration in that Defendant's allegations are directed against Plaintiff, a party with adverse legal interests.

23.     This controversy is ripe for determination at this time because the allegations of Defendant have created a controversy between the parties that is sufficiently real and immediate to warrant the issuance of a declaratory judgment.

WHEREFORE, based on the forgoing, Plaintiff Jason Batansky respectfully demands that this Honorable Court:

    a.   Render a Declaratory Judgment that, contrary to the stated allegations of the Defendant, Plaintiff properly executed the sale of the Business to the Defendant under the APA in

compliance with applicable laws;

b.  Order that Defendant pay Plaintiff's attorney fees and costs incurred in bringing the

instant action; and

c.  Grant Plaintiff any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

1/6/16
DATE

_____
William B. Jameson, Esquire
Attorney ID. # Pa 58949
Attorney for Plaintiff

Spadea, Lanard & Lignana, LLC
The Philadelphia Building
1315 Walnut Street, Suite 1532
Philadelphia, PA  19107
(215) 525-1165, ext. 118
wjameson@spadealaw.com

# EXHIBIT "A"

IO

4B

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (hereinafter referred to as "Agreement") is made and entered into this 12/15/2014_____, by and between Jason Batansky (hereinafter referred to as "Seller"), and Ichabod Ice, LLC (hereinafter referred to as "Buyer").

## <u>RECITALS</u>

**WHEREAS,** Seller is a sole proprietorship engaged in the business of providing online resume building services and related services under the fictitious trade name Buy Something Awesome and the domain name "Resume to Interviews" (the "**Business**") located at 100 West Montgomery Ave. #5, Ardmore, PA 19003.

**WHEREAS,** Seller desires to sell and Buyer desires to purchase the assets and client list of Seller in accordance with the terms of this Agreement.

**NOW THEREFORE**, in consideration of the promises contained in this agreement, and other valuable consideration, the parties agree as follows:

1. **<u>Description of Assets Sold</u>**.  Seller agrees to sell, and Buyer agrees to buy, effective at Closing, the assets set forth below owned by Seller (the "Assets"), all of which Assets are free and clear of any and all liens, encumbrances and indebtedness of any nature whatsoever (except as otherwise set forth herein):

    a.  All the Seller's rights in and to the website domain www.resumetointerviews.com and online accounts, email accounts, and electronic data, including, but not limited to, those items as identified in Exhibit A as "Website Domains, Accounts, and Data", attached hereto;

    b.  All equipment and tools of the Business;

    c.  All inventory and supplies of the Business used in the provision of services;

    d.  All of Seller's rights to the use of the domain name(s) "Resume to Interviews", all derivatives of such name(s), and all goodwill related thereto (collectively, "**Seller's Name(s)**");

    e.  All of Seller's books, records and accounts of the Business, including, but not limited to, all customer files, sales records, sales proposals, all vendor records, including a list of all third-party contractors used for the marketing, web design, web development and other business support, and;

    f.  The customer list as identified in Exhibit B, attached hereto, and;

    g.  All of Seller's rights in and to (i) all telephone numbers, specifically the Google voice business phone number (484) 416-0009, and telephone listings (ii) all marketing materials, ad copy, logo files, images and advertisements used for the

**ASSET PURCHASE AGREEMENT**
by and between
Jason Batansky and Ichabod Ice, LLC
Page 2 of 13

Business, (iii) any software licenses for computer programs used in the Business, and (iv) all manufacturer warranties, if any, relating to any fixtures, equipment or other assets of Seller that are included in the Assets .

2. **Purchase Price.**  The Buyer shall pay, in consideration for the Assets and other agreements contemplated by this Agreement, two-hundred seventeen thousand five hundred and 00/100 dollars ($217,500.00), payable as follows:

    a. One-hundred ninety-five thousand seven hundred fifty and 00/100 dollars ($195,750.00) cash on December 18, 2014 (the "**Closing Payment**");

    b. Twenty-one thousand seven hundred fifty and 00/100 dollars ($21,750.00) cash payable upon the satisfaction of the conditions of the Post Closing Assistance Period, as defined in Section 13 of this Agreement  (the "**Post Closing Payment**"), held in escrow pursuant to the Escrow Agreement attached hereto in Exhibit E.

3. **Allocation of Purchase Price for tax purposes**.  The allocation of the Purchase Price for tax purposes of Buyer and Seller as follows:

    a. Intangible Assets                                $106,250.00

    b. Goodwill, paid to Seller                     $106,250.00

    c. Non-Compete                                 $5,000.00

4. **Delivery of Possession/Seller's Warranties**.  On condition that Buyer performs all obligations hereunder required to be performed at or prior to Closing, Seller agrees to deliver to Buyer at Closing possession of the Assets described in this Agreement, together with all records and documents necessary for Buyer to carry on the business.  Seller warrants that all assets and other property sold, will be delivered to Buyer at Closing in as good as condition as they exist on the date of the execution of this Agreement, allowing for reasonable use in the ordinary course of business and for ordinary wear and tear.

5. **Proration of Expenses**.  Buyer will be responsible for all expenses incurred subsequent to the Closing Date.  Seller will be responsible for all Seller's expenses incurred prior to the Closing Date.  Seller will pay to Buyer the prorated cost for any bill for Seller's business reflecting charges both before the Closing Date, within ten (10) days of being presented with a copy of the bill to be prorated.

6. **Accounts Receivable**.  Accounts receivable of Seller as of the Closing Date will remain the property of Seller.  At Closing, Seller shall provide Buyer with a listing of the accounts receivable, as identified in Exhibit C, attached hereto.  Buyer agrees to remit immediately to the Seller any payments received by the Buyer on Seller's accounts receivable.

7. **Work in Process.** At Closing, Seller shall provide Buyer with a listing of work in process by customer name and order amount (the "Open Orders"), which Seller as already been paid prior to the Closing Date, as identified in Exhibit D, attached hereto.  The Buyer agrees to complete all

O

MO

IMB

## ASSET PURCHASE AGREEMENT
### by and between
### Jason Batansky and Ichabod Ice, LLC
### Page 3 of 13

Open Orders and Seller agrees to pay Buyer at Closing an amount equal to forty-three percent (43%) of the gross payments received the Seller on all Open Orders (the "Work in Process Payment").

8. **Accounts Payable**.  All accounts payable as of the Closing Date will be the obligation of Seller.  All accounts payable after the Closing Date will be the obligation of Buyer.

9. **Closing**.  Except as herein provided, the Closing of the transactions contemplated by this Agreement (the "**Closing**") shall be handled remotely by Evolve Bank, Memphis, Tennessee, upon execution of this Agreement and the scheduled Closing Payment due, payable to Seller on or before December 18, 2014 (the "**Closing Date**"); provided, however, that neither Seller, Buyer nor their respective attorneys is required to be physically present at Closing and may deliver documents and proceeds to be exchanged, disbursed and delivered pursuant to customary escrow arrangements.  The Closing of the transactions contemplated by this Agreement shall be effective as of at 12:00 a.m. Central standard time on the Closing Date.  All proceedings to be taken and all documents to be executed and delivered by all Parties at the Closing shall be deemed to have been taken and executed simultaneously, and no proceedings shall be deemed taken nor any documents executed or delivered until all have been taken, executed, and delivered.

10. **Seller's Obligations at Closing**.   On condition that Buyer, perform all obligations hereunder required to be performed by them at or prior to Closing, Seller shall provide at Closing the following documents:

    a.  Assignment of Assets.  A fully executed Assignment of Intangible Personal Property (the "**Assignment of Assets**"), executed by Seller in favor of Buyer; and

    b.  Assignment of Contracts.  A fully executed Assignment of the Seller's contracts with Joshua R. Keefe, Martin Schneider, and Susan Connolly (the "**Assignment of Independent Contractor Agreements**"), executed by Seller in favor of Buyer; and

    c.  Website Logins, Passwords, and Authorizations.  A document containing all the current login usernames and passwords for the website domains and online accounts identified in Schedule A. In addition, any written authorizations executed by Seller in favor of the Buyer as may be required by third party website vendors for the transfer of online accounts.

    d.  A Check for the Work in Process Payment. Payment of the amount as identified Section 7 for the open orders to be processed by the Buyer.

    e.  Delivery of Records and Contracts.  All assigned contracts, commitments and rights of the business constituting a portion of the Assets, actual possession and operating control of the Assets; and

    f.  Other Instruments.  All other documents or instruments, in form and substance reasonably satisfactory to Buyer or it's counsel, as shall be necessary to vest in Buyer title to the Assets or may be reasonably required to effect and consummate the Closing and the transactions contemplated by this Agreement.

**ASSET PURCHASE AGREEMENT**
by and between
Jason Batansky and Ichabod Ice, LLC
Page 4 of 13

11.     **Buyer's Obligations at Closing** .  If Seller fully performs all agreements herein required to be performed herein prior to Closing, Buyer shall deliver to Seller at Closing the following documents:

    a.   <u>Payment</u> .  Payment of One-hundred ninety-five thousand seven hundred fifty and 00/100 dollars ($195,750.00).

    b.   Other Instruments. All other documents or instrument, in form and substance reasonably satisfactory to Seller or its counsel may reasonably require to effect and consummate the Closing and the transactions contemplated by this Agreement.

12. **Covenant Not To Compete**.  On condition that the Buyer performs all his obligation[s] hereunder, including making the required payments, the Seller agrees that from and after the Closing, he will not directly or indirectly engage in providing resume writing, LinkedIn profile writing, cover letter writing, personal statement writing, reference document writing, or interview coaching services via the world wide web or in person, either in his own name or under the name of another, as a consultant, principal or as an employee anywhere for a period of three (3) years, except as a consultant or contractee of the Buyer, or any successor thereto, or as a contributing author and blogger to www.mscareergirl.com and except as provided for in this Agreement. Further, the Seller will not engage in the practice of providing resume writing, LinkedIn profile writing, cover letter writing, personal statement writing, reference document writing, or interview coaching services for any former customer (see customer list as identified in Schedule B).

13. **Agreement to Assist Buyer.**  Seller agrees to make himself reasonably available to assist Buyer with any questions or tasks relating to the Business for the period between the Closing Date and a period of ninety days hence at no additional charge (the "**Post Closing Assistance Period**"). Specifically, the first weekend immediately upon closing, the Seller agrees to provide up to eight hours per day for three days of training (Friday – Sunday) as needed via Skype, phone or email on all systems, transfer of all website and online accounts, and assist with setup support. Thereafter, the Seller agrees to make himself available as needed via Skype, phone or email a maximum of 20 hours per week for the first thirty days after the Closing Date, a maximum of 5 hours per week for the second thirty days, and up to 2.5 hours per week for the final thirty days of the Post Closing Assistance Period. The Seller agrees that he will recommend to existing customers of the Business to continue to do business with the Buyer, and agrees to recommend the services of the Buyer to any future contacts or inquiries for resume building and associated services. No travel to Kansas will be required by the Seller in participating in these functions.

14. **Agreement to Continue Contracts**.  Buyer agrees to accept assignment of the contracts for both Joshua R. Keefe, Martin Schneider, and Susan Connolly, and to honor the commitments therein.

15. **Indemnification**.

    a.   <u>By Seller</u>. Seller agrees to indemnify and hold Buyer harmless from and against any damages, liabilities, losses and expenses (including, without limitation, reasonable fees of counsel) of any kind or nature whatsoever (whether or not arising out of third-party claims and including all amounts paid, in investigation,

)

10

1B

ASSET PURCHASE AGREEMENT
by and between
Jason Batansky and Ichabod Ice, LLC
Page 5 of 13

defense or settlement of the foregoing pursuant to which may be sustained or
suffered by any of them arising out of or based upon any of the following matters:

 i. Fraud, intentional misrepresentation or a deliberate or willful breach by
Seller of any of their representations, warranties or covenants under this
Agreement or in any certificate, schedule or exhibit delivered pursuant
hereto.

 ii. Any other breach of any representations, warranty or covenant of Seller
under this Agreement or in any certificate, schedule or exhibit delivered
pursuant hereto, or by reason of any claim, action or proceeding asserted
or instituted growing out of any matter or thing constituting a breach of
such representations, warranties or covenants.

 iii. Any and all employment practices, decisions, actions or proceedings
undertaken by Seller prior to the Closing Date.

 iv. Any liability of Seller for taxes or any other amounts owed by it payable for
any period prior to the Closing Date.

b. By Buyer. Buyer agrees to indemnify and hold Seller harmless from and against
any damages, liabilities, losses and expenses (including, without limitation,
reasonable fees of counsel) of any kind or nature whatsoever (whether or not
arising out of third-party claims and including all amounts paid, in investigation,
defense or settlement of the foregoing pursuant to which may be sustained or
suffered by any of them arising out of or based upon any of the following matters:

 i. Fraud, intentional misrepresentation or a deliberate or willful breach by
Buyer of any of their representations, warranties or covenants under this
Agreement or in any certificate, schedule or exhibit delivered pursuant
hereto.

 ii. Any other breach of any representations, warranty or covenant of Buyer
under this Agreement or in any certificate, schedule or exhibit delivered
pursuant hereto, or by reason of any claim, action or proceeding asserted
or instituted growing out of any matter or thing constituting a breach of
such representations, warranties or covenants.

 iii. Any and all employment practices, decisions, actions or proceedings
undertaken by Buyer after the Closing Date.

 iv. Any liability of Seller for taxes or any other amounts owed by it payable for
any period after the Closing Date.

16. **Contingencies**.  The parties' obligations hereunder are not subject to any contingencies
not expressly stated herein.

17. **Representations and Warranties.**

a. By Seller.  Seller represents and warrants the following:

ASSET PURCHASE AGREEMENT
by and between
Jason Batansky and Ichabod Ice, LLC
Page 6 of 13

i.   Seller is a sole proprietorship validly existing and in good standing under the laws of the Commonwealth of Pennsylvania and the United States; and

ii.   All action necessary to approve the execution, delivery and performance of this Agreement and the consummation of the transactions contemplated hereby has been taken by Seller and this Agreement constitutes a valid and legally binding agreement of Seller, enforceable in accordance with its terms; and

iii.   The execution and delivery of this Agreement, the consummation of the transactions contemplated hereby and Seller's performance and compliance with the terms and provisions hereof do not and will not contravene any statute, rule or regulation or any judgment, decree or order of any court or governmental authority; and

iv.   Seller has not received any notice from any federal, state, county, municipal or other governmental body or agency of any pending, outstanding or threatened charges or violations of any of the requirements of any such governmental bodies or agencies applicable to the Assets or of any threatened or outstanding claims or judgments against the Assets or against Seller which may affect the Assets; and

v.   Seller (i) is not a party to any litigation, proceeding or investigation and no such action is pending or threatened against it or any of the Assets or in connection with the transactions contemplated by this Agreement; (ii) has no outstanding order, writ, injunction or decree of any court, government, governmental authority or arbitration existing against it or affecting the Assets; (iii) has no knowledge of any basis for any such litigation, proceeding or investigation; and (iv) has no knowledge of any violations by it of any federal, state or local law or ordinance or any administrative rule or regulation; and

vi.   Neither the conduct of Seller's business nor the consummation of the transactions herein contemplated has or will violate or infringe upon: (i) any federal state, local or foreign law statute, ordinance, license or regulation presently in effect, or that, to the actual or constructive knowledge of Seller, is proposed to be adopted; or (ii) any right or concession, copyright, trademark, tradename, patent or other proprietary rights of others; and

vii.   No covenant, representation or warranty made by Seller and no written statement, financial statement, certificate or schedule to be furnished by Seller pursuant hereto or in connection with the transactions contemplated hereby contains or will contain any untrue statement of any fact or omits or will omit to state any fact necessary to make the statements contained herein or therein not misleading; and

O

B

**ASSET PURCHASE AGREEMENT**
**by and between**
**Jason Batansky and Ichabod Ice, LLC**
**Page 7 of 13**

    viii.  No liens, claims, actions, deficiencies or demands have been assessed, asserted or threatened against Seller in connection with any federal, state or local income tax, personal property tax, sales tax, trust fund tax or other tax required to be paid by Seller and Seller has paid all such taxes in full as and when due; and

    ix.  The execution and delivery of this Agreement by Seller does not, and the consummation of the transactions contemplated hereby will not: (i) violate or constitute a default under any contract, indenture, mortgage, lease, deed of trust, equipment lease or other instrument to which Seller is a party or by which Seller is bound; (ii) result in the creation or imposition of any lien, charge or encumbrance on any of the Assets; or (iii) violate any law, rule or regulation applicable to Seller; and

    x.  There are no outstanding or unresolved alleged violations of any laws, ordinances or public regulations, consent decrees or orders for compliance relating to Seller under any federal, state or local laws, regulations or ordinances; and

    xi.  There are no unpaid or partially paid bills or mechanics' or materialmen's liens outstanding for labor or materials provided to any of the Assets; and

    xii.  Seller has no outstanding leases, options, agreements, security interests, chattel mortgages, agreements of sale, understandings, contracts (collectively "Contracts") or any other contractual obligations to third parties, written or oral (other than in the ordinary course of business), pertaining to the Assets; and

    xiii.  All computer programs and software currently being used by Seller in its business are owned by Seller or held under valid license agreements; and

    xiv.  Seller has no registrations for any trade names, assumed names, service marks, trademarks, logos, patents, copyrights, brand names, rights or applications therefor; and

    xv.  Seller has good and marketable title to the Assets; and

    xvi.  In all areas of this Agreement where prior consent of Seller is needed, the consent will not be unreasonably withheld, conditioned or delayed.

  b.  <u>By Buyer</u>. Buyer represents and warrants the following:

    i.  Buyer has full right, authority and power to enter into this Agreement and each agreement, document and instrument to be executed and delivered by Buyer pursuant to this Agreement and to carry out the transactions contemplated hereby.  The execution, delivery and performance by Buyer of this Agreement and each such other agreement, document and instrument have been duly authorized by all necessary action of Buyer and no other action on the part of Buyer is required in connection therewith.

)

4O

4B

**ASSET PURCHASE AGREEMENT**
**by and between**
**Jason Batansky and Ichabod Ice, LLC**
**Page 8 of 13**

ii. This Agreement and each agreement, document and instrument executed and delivered by Buyer pursuant to this Agreement constitutes, or when executed and delivered will constitute, valid and binding obligations of Buyer enforceable in accordance with their terms. The execution, delivery and performance by Buyer of this Agreement and each such agreement, document and instrument.

iii. This Agreement does not and will not violate any laws of the United States, or any state or jurisdiction applicable to Buyer or require Buyer to obtain any approval, consent or waiver of, or make any filing with, any person or entity (governmental or otherwise) in connection with the execution, delivery or performance by Buyer of this Agreement or the taking by Buyer of any other action contemplated hereby.

iv. Buyer will have available at Closing sufficient funds to enable it to consummate the transaction contemplated by this Agreement.

v. There is no litigation pending or, to Buyer's knowledge, threatened by or against or affecting Buyer, which seeks to enjoin, challenge the validity of this Agreement or obtain damages or other relief in respect of the consummation of the transaction contemplated hereby.

18. **Events of Breach by Buyer and Remedies for Seller:**

   a. <u>Breach.</u> The occurrence of any of the following events shall be considered a breach and default under this Agreement:

   i. Failure of Buyer to fulfill any and all obligations, conditions, or requirements arising hereunder or in association with the full performance of this Agreement; and

   ii. Failure of Buyer to make timely payments pursuant to this Agreement; and

   iii. Discovery by Seller that any material representation or warranty by Buyer was untrue when made or at the Closing.

   b. <u>Remedies.</u> Upon breach or default by Buyer, Seller may, at their option:

   i. Upon the expiration of any applicable cure period, in addition to any other rights of Seller hereunder, Seller may, at their option, retain all payments previously received, accelerate all payments remaining due to Seller hereunder, and pursue any and all remedies available under this Agreement, or as provided in any of the agreements incorporated in or attached to this Agreement, to recover all amounts due Seller hereunder

O

RMO

MB

ASSET PURCHASE AGREEMENT
by and between
Jason Batansky and Ichabod Ice, LLC
Page 9 of 13

from Buyer and from any property or collateral pledged to secure payment of any such amounts .

19. **Events of Default or Breach by Seller and Remedies for Buyer:**

    a. <u>Breach.</u> The occurrence of any of the following events shall be considered a breach and default under this Agreement:

        i. Failure of Seller to fulfill any and all obligations, conditions, or requirements arising hereunder or in association with the full performance of this Agreement; and

        ii. Discovery by Buyer that any material representation or warranty by Seller was untrue when made at or prior to the Closing.

    b. <u>Remedies.</u> Upon breach or default by Seller, Buyer may, at their option:

        i. Recover the Earnest Money Deposit(s), withhold the Post Closing Payment, recover any monies paid by Buyer pursuant to this Agreement, recover actual losses caused by such breach or default, pursue any and all remedies available under this Agreement.

        ii. Require Seller to correct the event that caused the breach within a reasonable amount of time not to exceed thirty (30) days.

20. **Future Cooperation and Actions.**  Seller and Buyer will cooperate in good faith and execute and deliver to the other, from time to time, at or after the Closing, for no additional consideration and at no additional cost of the requesting party, such further assignments, certificates, instruments, records, or other documents, assurances or things as may be reasonably necessary to give full effect to this Agreement and to allow each party to fully enjoy and exercise the rights and acquired by it under this Agreement.

21. **Entire Agreement**.  This Agreement contains the entire agreement of the parties and supersedes all prior oral or written agreements and understandings with respect to the subject matter, and it shall not be amended or modified in any way except by subsequent agreement executed in writing.

22. **Parties Obligated and Benefitted**.  This Agreement will be binding upon the parties and their respective heirs, successors, and assigns.

23. **Nonassignability**.  Neither this Agreement nor any part hereof shall be assignable by any party without the prior written consent of the other party, except as contemplated herein.

24. **Notices**.  All notices and other communications shall be in writing and shall be deemed to have been duly given if sent by email and a confirmation copy delivered personally or mailed in the United States by certified or registered mail, postage prepaid, return receipt requested, to the parties and their counsel at the following addresses or at such other addresses as may be given in writing by one party to the other prior to the mailing of such notice:

O

RMO

JMB

ASSET PURCHASE AGREEMENT
by and between
Jason Batansky and Ichabod Ice, LLC
Page 10 of 13

a.  If to Seller:

Jason Batansky
100 West Montgomery Ave. #5
Ardmore, PA 19003

jbatansky@gmail.com

b.  If to Buyer:

Ichabod Ice LLC
Attn: Sarah Overbaugh
124 Meadow Lane
Topeka, KS 66606

sarah.overbaugh@yahoo.com

25. **Waiver**.  No party shall be deemed to have waived the exercise of any right that it holds under this agreement unless such waiver is made in writing.  No failure or delay in exercising any right or remedy pursuant to this agreement shall constitute a waiver of any other right or remedy hereto. Resort to one form of remedy shall not constitute a waiver of other alternative remedies. No waiver made with respect to any instance involving the exercise of any right shall be deemed to be a waiver with respect to any other instance involving the exercise thereof or with respect to any other such right.

26. **Heading**. The captions of paragraphs of this Agreement are for a convenience only and shall not be considered or referred to in resolving questions of construction.

27. **Professional Expenses**. Legal and other professional expenses incurred by each party in connection with the transactions contemplated by this Agreement shall be paid by such party except as otherwise expressly provided.  All costs to finalize the agreement will be shared by both parties.

28. **Partial Invalidity**.  If any one or more of the provisions of this agreement shall be held invalid, illegal, or unenforceable in any respect, such provision shall not affect any other provision of this agreement, and each provision of this agreement shall be enforced to the full extent permitted by law.

29. **Execution in Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of such counterparts shall constitute one Agreement. To facilitate execution of this Agreement, the parties may execute and exchange by facsimile or via e-mail counterparts of the signature pages.

**IN WITNESS WHEREOF**, the parties to this agreement have executed this agreement as of the date first above written.

**SELLER:**                                   **BUYER:**

ASSET PURCHASE AGREEMENT
by and between
Jason Batansky and Ichabod Ice, LLC
Page 11 of 13

**JASON BATANSKY**

**ICHABOD ICE, LLC**

By: _Jason Batansky_

Jason Batansky

Title: Owner / Sole Proprietor

_____

By: _Sarah Overbaugh_

Sarah Overbaugh

Co-Managing Member

Title:_____

By: _Robert Mathew Overbaugh_

Robert Mathew Overbaugh

Title: Co-Managing Member

## EXHIBIT A

### WEBSITE DOMAINS, ACCOUNTS, AND DATA

1. The domain name www.resumetointerviews.com and the Godaddy account associated with the domain name;

2. Google Analytics and Google Webmaster Account Access for www.resumetointerviews.com and https://bitly.com/u/resumetointerviews for additional analytics;

3. The following social media accounts:

   - https://www.facebook.com/ResumetoInterviews

   - https://twitter.com/Res2Interviews

   - http://www.linkedin.com/company/resume-to-interviews and https://www.linkedin.com/in/resumetointerviews

   - https://plus.google.com/u/0/+Resumetointerviews/about

   - https://plus.google.com/u/2/106254014057275444969/about

   - http://www.yelp.com/biz/resume-to-interviews-philadelphia

   - http://www.pinterest.com/res2interviews/

ASSET PURCHASE AGREEMENT
by and between
Jason Batansky and Ichabod Ice, LLC
Page 12 of 13

- http://www.reddit.com/user/locationless/

4. The "DustingDuvet" http://forums.somethingawful.com/ account

5. The website Infrastructure and Backend by transfer of the Hostgator.com VPN hosting account containing all data and related infrastructure

6. All self-hosted email addresses from @resumetointerviews.com and the gmail account buysomethingawesome@gmail.com containing the functional communication system

7. The https://www.purechat.com online chat account

8. Entire mailchimp.com/ email marketing list excel file and newsletter template.

9. https://buysomethingawesome.timedoctor.com/ Contractor time tracking account backup file

10. The affiliate marketing account hosted with https://www.shareasale.com/ and all current affiliates

11. The affiliated www.Hootsuite.com account to manage all social media

12. http://surveymonkey.com/ account

13. The merchant accounts to process orders (via Authorize.net and Merchant Focus)

14. www.TeamworkPM.com project management software backup file with data for www.resumetointerviews.com. This includes all Templates, Resume Building Template, Training Materials, marketing material, Resume to Interviews related images and advertisements, list of ongoing business partnerships, operations manuals, and instructions.

15. A list of all third-party contractors used for marketing, web design, web development and other business support. An introduction to the primary web development company www.invexi.com who will continue to provide support to www.resumetointerviews.com on an ongoing basis. This includes account access to Invexi's http://jira.invexi.com/ help desk support.

16. The http://resumetointerviews.com/admin/ backend with customer order information. A list of all merchant account orders via authorize.net.

## **EXHIBIT B**

## **CUSTOMER LIST**

The Customer database and records provided at the Closing in the form of a zip file of client documents (resumes, CVs, and cover letters).

**EXHIBIT C**

**ACCOUNTS RECEIVABLE**

None

**<u>EXHIBIT D</u>**

**<u>WORK IN PROCESS</u>**

Provided at closing

)

MO

MB

**<u>EXHIBIT E</u>**

**<u>ESCROW AGREEMENT</u>**

# Signature Certificate



🔒 **Document Reference:**   NFKR68JR22DVR5JBXASNCK

---



**Jason Batansky**
Party ID: 26EBTLJD4LBF95UEFXPTM9
IP Address: 177.237.80.33
| VERIFIED EMAIL: | jbatansky@gmail.com |

*Electronic Signature:*

| Multi-Factor Digital Fingerprint Checksum | 03fcb7d87e122b8187f9bee9f081977fe1221380 |



---



**Robert Mathew Overbaugh**
Party ID: IUHEUNJWD4FETWE2T7HJMP
IP Address: 99.106.125.150
| VERIFIED EMAIL: | mat_overbaugh@yahoo.com |

*Electronic Signature:*


| Multi-Factor Digital Fingerprint Checksum | 7004d0b6e32cacddea41ccc92aa6c068a2fcdc92 |



---



**Sarah Overbaugh**
Party ID: 8378C3JN73IIJUMP3KSJAJ
IP Address: 12.13.74.72
| VERIFIED EMAIL: | sarah.overbaugh@yahoo.com |

*Electronic Signature:*

| Multi-Factor Digital Fingerprint Checksum | f48bc3b9bed713303420d4a626ef392e03e7e23a |



---

| Timestamp | Audit |
|---|---|
| 2014-12-15 20:05:58 -0800 | All parties have signed document. Signed copies sent to: Bob Young, Jason Batansky, Robert Mathew Overbaugh, and Sarah Overbaugh. |
| 2014-12-15 20:05:57 -0800 | Document signed by Jason Batansky (jbatansky@gmail.com) with drawn signature. - 177.237.80.33 |
| 2014-12-15 20:03:05 -0800 | Document viewed by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33 |
| 2014-12-15 20:02:01 -0800 | Document signed by Robert Mathew Overbaugh (mat_overbaugh@yahoo.com) with drawn signature. - 99.106.125.150 |
| 2014-12-15 19:54:32 -0800 | Document viewed by Robert Mathew Overbaugh (mat_overbaugh@yahoo.com). - 99.106.125.150 |
| 2014-12-15 07:37:13 -0800 | Document signed by Sarah Overbaugh (sarah.overbaugh@yahoo.com) with drawn signature. - 12.13.74.72 |
| 2014-12-15 07:34:31 -0800 | Document viewed by Sarah Overbaugh (sarah.overbaugh@yahoo.com). - 12.13.74.72 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 2**

# Signature Certificate

🔒 **Document Reference:**    NFKR68JR22DVR5JBXASNCK



2014-12-15 07:32:16 -0800    Document created by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33



This signature page provides a record of the online activity executing this contract.

**Page 2 of 2**

# EXHIBIT "B"

# BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, that Jason Batansky d/b/a Buy Something Awesome (hereinafter referred to as "Seller"), for valuable consideration, has bargained and sold, and by these presents do grant and convey, unto Ichabod Ice, LLC, (hereinafter referred to as "Buyer"), its successors and assigns, all its right, title and interest in and to the assets described on Schedule A attached hereto, on the date hereof, to have and to hold the same unto Buyer, its successors and assigns, forever.

IN WITNESS WHEREOF, Seller has executed this Bill of Sale this 18th day of December, 2014.

**SELLER:**

BUY SOMETHING AWESOME

By: _____
        Jason Batansky, Sole Proprietor

JASON BATANSKY
an individual

By: _____
        Jason Batansky

COMMONWEALTH OF <u>Pennsylvania</u> , COUNTY OF<u>Montgomery</u>    :

BE IT REMEMBERED that on this _____ day of December, 2014, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came, Jason Batansky, who is personally known to me to be the same person who executed the foregoing Bill of Sale, and such person duly acknowledged the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal, the day and year last above written.

_____

                                Notary Public

My Appointment Expires: _____

1B

## SCHEDULE A

1. The domain name www.resumetointerviews.com and the Godaddy account associated with the domain name;

2. Google Analytics and Google Webmaster Account for www.resumetointerviews.com and https://bitly.com/u/resumetointerviews for additional analytics;

3. The following social media accounts:

   - https://www.facebook.com/ResumetoInterviews
   - https://twitter.com/Res2Interviews
   - http://www.linkedin.com/company/resume-to-interviews and https://www.linkedin.com/in/resumetointerviews
   - https://plus.google.com/u/0/+Resumetointerviews/about
   - https://plus.google.com/u/2/106254014057275444969/about
   - http://www.yelp.com/biz/resume-to-interviews-philadelphia
   - http://www.pinterest.com/res2interviews/
   - http://www.reddit.com/user/locationless/

4. The "DustingDuvet" http://forums.somethingawful.com/ account

5. The website Infrastructure and Backend by transfer of the Hostgator.com VPN hosting account containing all data and related infrastructure

6. All self-hosted email addresses from @resumetointerviews.com and the gmail account buysomethingawesome@gmail.com containing the functional communication system

7. The https://www.purechat.com online chat account

8. Entire mailchimp.com/ email marketing list excel file and newsletter template.

9. https://buysomethingawesome.timedoctor.com/ Contractor time tracking account backup file

10. The affiliate marketing account hosted with https://www.shareasale.com/ and all current affiliates

11. The affiliated www.Hootsuite.com account to manage all social media

12. http://surveymonkey.com/ account

13. The merchant accounts to process orders (via Authorize.net and Merchant Focus)

14. www.TeamworkPM.com project management software backup file with data for www.resumetointerviews.com. This includes all Templates, Resume Building Templates,

3

Training Materials, marketing material, Resume to Interviews related images and advertisements, list of ongoing business partnerships, operations manuals, and instructions.

15. A list of all third-party contractors used for marketing, web design, web development and other business support. An introduction to the primary web development company www.invexi.com who will continue to provide support to www.resumetointerviews.com on an ongoing basis. This includes account access to Invexi's http://jira.invexi.com/ help desk support.

16. The http://resumetointerviews.com/admin/ backend with customer order information. A list of all merchant account orders via authorize.net

# Signature Certificate



Easy Online Document Signing

🔒 Document Reference:   CMUDDLJ8ELN9Y6SLM9UA5J



Jason Batansky
Party ID: F2G4F6IJD2TMNZFRXBM4BY
IP Address: 177.237.80.33

| VERIFIED EMAIL: | jbatansky@gmail.com |

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | 688f820f49b34a4c1a8586834111d07b4182bb22 |

| Timestamp | Audit |
|-----------|-------|
| | **Audit** |
| 2014-12-18 09:27:32 -0800 | All parties have signed document. Signed copies sent to: Mat Overbaugh, Sarah Overbaugh, Bob Young, and Jason Batansky. |
| 2014-12-18 09:27:31 -0800 | Document signed by Jason Batansky (jbatansky@gmail.com) with drawn signature. - 177.237.80.33 |
| 2014-12-17 08:09:17 -0800 | Document viewed by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33 |
| 2014-12-17 08:09:17 -0800 | Document created by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33 |



This signature page provides a record of the online activity executing this contract.

Page 1 of 1

RMO

SO

JMB

## ASSIGNMENT AND ASSUMPTION OF CONTRACTS

**THIS AGREEMENT** is entered into this 18th day of December, 2014 (the "Agreement") by and between Jason Batansky, an individual residing at 100 West Montgomery Ave. #5, Ardmore, Pennsylvania 19003, doing business as a sole proprietor under the fictitious name "Buy Something Awesome" (hereinafter referred to as "Assignor") and Ichabod Ice, LLC, a Kansas limited liability company having a principle place of business at 124 Meadow Lane, Topeka, KS 66606 (hereinafter referred to as "Assignee").

Assignor hereby assigns to Assignee all of its right, title and interest in certain independent contractor agreements set forth below (hereinafter referred to as the "Contracts"):

1.     Independent Contractor Agreement executed on June 18, 2014 between Jason Batansky d/b/a Buy Something Awesome ("Contractor") and Martin Schneider; and

2.     Independent Contractor Agreement executed on September 25, 2014 between Jason Batansky d/b/a Buy Something Awesome ("Contractor") and Joshua Keefe; and

3.     Independent Contractor Agreement between Jason Batansky d/b/a Buy Something Awesome ("Contractor") and Susan E. Connolly.

**WHEREAS**, Assignor desires to transfer by this Assignment all of its rights and obligations in said Contracts to the Assignee and the Assignee desires to assume all rights, obligations and liabilities of Assignor under said Contracts; and

**WHEREAS**, this Assignment is made as a part of the Asset Purchase Agreement for the purchase of the assets of Resume to Interviews dated December 18, 2014, between the Assignor and Assignee.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein, together with other good and valuable consideration, the parties agree as follows:

1.     **Assignment of Contracts**.   Assignor hereby assigns and transfers to the Assignee, all of Assignor's right, title and interest in the above-referenced Contracts, subject to all terms and conditions contained in said Contract agreements.

2.     **Assumption of Contracts**.   The Assignee hereby agrees to assume all rights, obligations and liabilities to be performed by Assignor.

3.     **Indemnification**.   The Assignee agrees to indemnify and hold Assignor harmless from any and all liabilities, claims, demands and obligations of any and every kind based on, arising out of, or in connection with the Contracts for all times subsequent to the date of execution of this Assignment.   The Assignor agrees to indemnify and hold Assignee harmless from any and all liabilities, claims, demands and obligations of any and every kind based on, arising out of, or in connection with the Contracts for all times prior to the date of execution of this Assignment.

4.     **Miscellaneous**.

**ASSIGNMENT AND ASSUMPTION OF CONTRACTS**
Page 2 of 2

4.1.   <u>Binding Effect</u>.  This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, heirs, and personal representatives.

4.2.   <u>Attorneys' Fees</u>.  In the event that any dispute shall arise in connection with this Agreement, the prevailing party shall be allowed reasonable attorneys' fees and costs expended or incurred in resolving such disagreement, whether through litigation or otherwise.

4.3.   <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original.

4.4.   <u>Release of Assignor</u>.  Each party agrees in good faith to give such notices, execute such additional documents or take other reasonable steps to fully release Assignor from any and all liability under said Contracts and to substitute Assignee as contractor for all purposes pursuant to such Contracts.

**IN WITNESS WHEREOF**, the parties set their hands the day and year set forth above.

ASSIGNOR:

Jason Batansky d/b/a Buy Something Awesome

By: _____
Jason Batansky, an individual

ASSIGNEE:

Ichabod Ice, LLC

By: _____
Sarah Overbaugh, Member

By: _____
Robert Mathew Overbaugh, Member

# Signature Certificate



**RightSignature**

Easy Online Document Signing

🔒 Document Reference:   BUZUZ2JDZKP7G63TH7RF32



**Jason Batansky**
Party ID: 3Y95DIIGI3XFP4J4FI5U4P
IP Address: 177.237.80.33

VERIFIED EMAIL:   jbatansky@gmail.com

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | 5e759ea921cd452dd0015d8818cc5c8c135480be |  |



**Sarah Overbaugh**
Party ID: 2D6I4BJWPLK72S33Z2R62H
IP Address: 12.13.74.72

VERIFIED EMAIL:   sarah.overbaugh@yahoo.com

Electronic Signature:

| Multi-Factor Digital Fingerprint Checksum | af755b8fc202d94b49881dd60ad96d7e2176e134 |  |



**Robert Mathew Overbaugh**
Party ID: 6EV2BVJGAIHTACWXZNVSN5
IP Address: 12.13.74.72

VERIFIED EMAIL:   mat_overbaugh@yahoo.com

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | 693c0842a5b53ebf04d516d8cb0d9592da4f1370 |  |

| Timestamp | Audit |
|---|---|
| 2014-12-18 09:10:09 -0800 | All parties have signed document. Signed copies sent to: Bob Young, Jason Batansky, Sarah Overbaugh, and Robert Mathew Overbaugh. |
| 2014-12-18 09:10:09 -0800 | Document signed by Jason Batansky (jbatansky@gmail.com) with drawn signature. - 177.237.80.33 |
| 2014-12-18 09:09:28 -0800 | Document viewed by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33 |
| 2014-12-18 09:06:54 -0800 | Document signed by Sarah Overbaugh (sarah.overbaugh@yahoo.com) with drawn signature. - 12.13.74.72 |
| 2014-12-18 09:05:14 -0800 | Document viewed by Sarah Overbaugh (sarah.overbaugh@yahoo.com). - 12.13.74.72 |
| 2014-12-18 08:02:04 -0800 | Document signed by Robert Mathew Overbaugh (mat_overbaugh@yahoo.com) with drawn signature. - 12.13.74.72 |
| 2014-12-18 07:59:30 -0800 | Document viewed by Robert Mathew Overbaugh (mat_overbaugh@yahoo.com). - 12.13.74.72 |



This signature page provides a record of the online activity executing this contract.

Page 1 of 2

# Signature Certificate

 **Document Reference:** BUZUZ2JDZKP7G63TH7RF32



2014-12-17 07:49:24 -0800      Document created by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33

 This signature page provides a record of the online activity executing this contract.

Page 2 of 2

SO

RMO

JMB

## DOMAIN NAME ASSIGNMENT AGREEMENT

**THIS DOMAIN NAME ASSIGNMENT AGREEMENT** is entered into this 18th day of December, 2014 (the "Agreement") by and between Jason Batansky, an individual residing at 100 West Montgomery Ave. #5, Ardmore, Pennsylvania 19003 (hereinafter referred to as "Transferor") and Ichabod Ice, LLC, a Kansas limited liability company having a principle place of business at 124 Meadow Lane, Topeka, KS 66606 (hereinafter referred to as "Transferee").

**WHEREAS,** the Transferor has adopted, used and registered with ICANN the domain name RESUMETOINTERVIEWS.COM (the "Domain Name");

**WHEREAS,** the Transferee, pursuant to an Asset Purchase Agreement executed on December 18, 2014 between the Transferor and Transferee, has purchased the Domain Name;

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Transferor, with full intention of making a complete transfer and conveyance, does hereby convey, assign and transfer to the Transferee all of Transferor's rights, title and interest in and to the Domain Name and the registration thereof.

The Parties agree as follows:

1. **Assignment of Domain Name.** Transferor hereby transfers and assigns to Transferee all right, title, interest and goodwill in or associated with the Domain Name together with any unregistered or registered trademarks, service marks, copyrights or other intellectual property or proprietary rights based on or in any way related to the Domain Name.

2. **Effectuate Transfer.** Transferor agrees to take and perform all actions as may be reasonable or necessary to effect and evidence the conveyance to Transferee of all right and interest in or to the Domain Names being transferred and assigned hereunder, including but not limited to the execution of any and all instruments or documents necessary to change the recorded ICANN registrant name and/or to correspond with GoDaddy.com to authorize the transfer of the Domain Names.

3. **Warranties and Representations.** Transferor warrants and represents that Transferor has unencumbered rights in the Domain Name, that Transferor properly registered the Domain Name with the Internet Corporation for Assigned Names and Numbers (ICANN) without committing fraud or misrepresentation, that Transferor has the authority to transfer the Domain Name, that the Transferor has not used the Domain Name for any illegal purposes, and that to the best of Transferor's knowledge, the Domain Name does not infringe on the rights of any third party.

4. **No Assignment.** Neither this Agreement nor any rights or obligations hereunder may be transferred or assigned without the other party's prior written consent and any attempt to the contrary shall be void.

5. **Successors and Assigns.** Except as otherwise expressly provided in this Agreement, this Agreement will be binding on, and will inure to the benefit of, the successors and permitted assign of the parties to this Agreement. Nothing in this Agreement is intended to

SO

RMO

JMB

confer upon any party other than the parties hereto or their respective successors and assigns any rights or obligations under or by reason of this Agreement, except as expressly provided in this Agreement.

6.     **Notices.**  All notices and other communications required or permitted hereunder will be in writing and will be delivered by hand or sent by overnight courier, fax or e-mail to:

a.  if to Transferor:

Jason Batansky
100 West Montgomery Ave. #5
Ardmore, PA  19003

jbatansky@gmail.com

b.  if to Transferee:

Ichabod Ice LLC
Attn: Sarah Overbaugh
124 Meadow Lane
Topeka, KS  66606

sarah.overbaugh@yahoo.com

Each party may furnish an address substituting for the address given above by giving notice to the other parties in the manner prescribed by this Section 6.  All notices and other communications will be deemed to have been given upon actual receipt by (or tender to and rejection by) the intended recipient or any other person at the specified address of the intended recipient.

7.     **Severability.**  In the event that any provision of this Agreement is held to be unenforceable under applicable law, this Agreement will continue in full force and effect without such provision and will be enforceable in accordance with its terms.

8.     **Construction.**  The titles of the sections of this Agreement are for convenience of reference only and are not to be considered in construing this Agreement.  Unless the context of this Agreement clearly requires otherwise: (a) references to the plural includes the singular, the singular the plural, and the part the whole, (b) references to one gender include all genders, (c) "or" has the inclusive meaning frequently identified with the phrase "and/or", (d) "including" has the inclusive meaning frequently identified with the phrase "including but not limited to" or "including without limitation," and (e) references to "hereunder", "herein" or "hereof" relate to this Agreement as a whole. Any reference in this Agreement to any statute, rule, regulation or agreement, including this Agreement, shall be deemed to include such statute, rule, regulation or agreement as it may be modified, varied, amended or supplemented from time to time.

9.  **Entire Agreement.**   This Agreement embodies the entire agreement and understanding between the parties hereto with respect to the subject matter of this Agreement and supersedes all prior or contemporaneous agreements and understanding other than this Agreement relating to the subject matter hereof.

10.  **Amendment and Waiver.**  This Agreement may be amended only by a written agreement executed by the parties hereto.  No provision of this Agreement may be waived except by a written document executed by the party entitled to the benefits of the provision.  No waiver of a provision will be deemed to be or will constitute a waiver of any other provision of this Agreement.  A waiver will be effective only in the specified instance and for the purpose for which it was given, and will not constitute a continuing waiver.

11.  **Counterparts.**  This Agreement may be in any number of counterparts, each of which will be deemed an original, but all of which together will constitute one instrument.

**IN WITNESS WHEREOF**, the Transferor and Transferee have caused this Agreement to be executed and effective on the day and year first written above.

**TRANSFEROR:**

Jason Batansky

By: _____
Jason Batansky, an individual

**TRANSFEREE:**

Ichabod Ice, LLC

By: _____
Sarah Overbaugh, Member

By: _____
Robert Mathew Overbaugh, Member

**Page 3 of 3**

# Signature Certificate

**RightSignature**
Easy Online Document Signing

🔒 **Document Reference:**   D2322NJ8SLWAT9C24TZD5X



**Jason Batansky**
Party ID: 2SDBLRIWT2C8RDCLELU7HJ
IP Address: 177.237.80.33

VERIFIED EMAIL:   jbatansky@gmail.com

Electronic Signature:


Multi-Factor Digital Fingerprint Checksum     5e759ea921cd452dd0015d8818cc5c8c135480be   



**Robert Mathew Overbaugh**
Party ID: I4DNGWJIFKE667F28TCLWH
IP Address: 12.13.74.72

VERIFIED EMAIL:   mat_overbaugh@yahoo.com

Electronic Signature:

Multi-Factor Digital Fingerprint Checksum     693c0842a5b53ebf04d516d8cb0d9592da4f1370   



**Sarah Overbaugh**
Party ID: TBPITDJDAIHFZ4LWK45K8K
IP Address: 12.13.74.72

VERIFIED EMAIL:   sarah.overbaugh@yahoo.com

Electronic Signature:

Multi-Factor Digital Fingerprint Checksum     af755b8fc202d94b49881dd60ad96d7e2176e134   

| Timestamp | Audit |
| --- | --- |
| 2014-12-18 09:26:58 -0800 | All parties have signed document. Signed copies sent to: Bob Young, Jason Batansky, Robert Mathew Overbaugh, and Sarah Overbaugh. |
| 2014-12-18 09:26:58 -0800 | Document signed by Jason Batansky (jbatansky@gmail.com) with drawn signature. - 177.237.80.33 |
| 2014-12-18 09:26:13 -0800 | Document viewed by Jason Batansky (jbatansky@gmail.com). - 177.237.80.33 |
| 2014-12-18 09:25:51 -0800 | Document signed by Robert Mathew Overbaugh (mat_overbaugh@yahoo.com) with drawn signature. - 12.13.74.72 |
| 2014-12-18 09:24:57 -0800 | Document viewed by Robert Mathew Overbaugh (mat_overbaugh@yahoo.com). - 12.13.74.72 |
| 2014-12-18 09:23:48 -0800 | Document signed by Sarah Overbaugh (sarah.overbaugh@yahoo.com) with drawn signature. - 12.13.74.72 |
| 2014-12-18 09:19:07 -0800 | Document viewed by Sarah Overbaugh (sarah.overbaugh@yahoo.com). - 12.13.74.72 |



This signature page provides a record of the online activity executing this contract.

Page 1 of 2